IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH GARCIA,

       Plaintiff,

                                                          Civil No. 13-693 MV/LAM

  v.

CROSSMARK, INC., a Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Equitably Toll Statute of Limitations [Doc. 11]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's Motion is not well-taken and will be denied.

## BACKGROUND

Plaintiff was a member of a proposed class in an action filed in the United States District Court for the Eastern District of Pennsylvania, *Postiglione v. CROSSMARK, Inc.*, No. 11-960 (E.D. Pa.). The plaintiffs in *Postiglione* asked the court to certify a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See Postiglione v. CROSSMARK, Inc.*, No. 11-960, 2012 WL 5829793, at *1 (E.D. Pa. Nov. 15, 2012). The putative class members, retail representatives of Defendant, alleged that they were denied overtime pay in violation of the FLSA. The court found that the putative class members were not similarly situated within the meaning of the collective action provision of the FLSA, and that they had proffered no evidence of a national policy. Accordingly, the court denied certification of a collective action and dismissed without prejudice all plaintiffs except the named plaintiff, James

Postiglione, as improperly joined under Rule 20 of the Federal Rules of Civil Procedure.

Following the court's ruling in *Postiglione*, 48 of the putative class members filed individual actions in the Eastern District of Pennsylvania alleging similar violations of the FLSA. This action is one of those 48 related actions. On June 6, 2013, Plaintiff filed the instant motion to equitably toll the statute of limitations, from the time that she joined the *Postiglione* action. Doc. 11. On June 19, 2013, Defendant filed a response, noting that the statute of limitations was tolled during the pendency of the collective action, and that equitable tolling is not warranted for that period that elapsed between the court's denial of conditional certification on November 14, 2012 and the filing of Plaintiff's individual complaint on January 24, 2013. Doc. 12.

After issuing an order to show cause why this action and the related actions should not be transferred pursuant to 28 U.S.C. Section 1404(a), the court determined that none of the related actions involve claims arising in the Eastern District of Pennsylvania, and that each action should be transferred to the plaintiff's home district, which has a local interest in the litigation and would be more convenient for the witnesses. Accordingly, on June 27, 2013, the court entered an order transferring the instant case to the United States District Court for the District of New Mexico ("Order of Transfer"). Doc. 13. As a result, the court declined to decide Plaintiff's motion to equitably toll the statute of limitations. That motion is now before this Court.

## DISCUSSION

Plaintiff asks the Court to equitably toll the statute of limitations, on that basis that she and her attorneys "proceeded as expeditiously as possible" to file her complaint after conditional class certification was denied by the Eastern District of Pennsylvania, that she has "diligently pursued" her claims against Defendant, and that, if the statute of limitations is not equitably tolled, she will "be unfairly foreclosed from asserting her rights under the FLSA through no fault on her part

because of extraordinary circumstances over which she had no control." Doc. 11-1 at 4-5. The relief of equitable tolling is extended "only sparingly." *Irwin v. Dep't of Veterans' Affairs*, 498 U.S. 89, 96 (1990). "The propriety of equitable tolling must be determined on a case-by-case basis." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). "Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting [her] rights." *Id.* On the other hand, equitable tolling is not appropriate where "[h]ad plaintiff acted diligently, [she] could have filed [her] action in a timely manner." *Id.*

As an initial matter, Defendant has acknowledged that, under the FLSA, Plaintiff is deemed to have commenced her action on May 2, 2011, the date on which she opted to join the *Postiglione* collective action by filing her consent form with the court. Doc. 12 at 4-5 (citing 29 U.S.C. § 256). Accordingly, the statute of limitations has been tolled, by operation of law, for the period of Plaintiff's participation in the *Postiglione* collective action. There thus is no need to grant Plaintiff equitable tolling for the period between May 2, 2011 and November 14, 2012, the date on which the court denied certification of the *Postiglione* collective action.

The FLSA, however, does not toll the statute of limitations after the dismissal of the collective action. Accordingly, the Court must determine whether equitable tolling is warranted for the period between November 14, 2012, and January 24, 2013, the date on which Plaintiff commenced the instant action. Plaintiff has failed to establish circumstances that would justify such tolling.

First, Plaintiff does not contend that Defendant misled her about her cause of action. Further, there is nothing extraordinary about the circumstances that caused Plaintiff to lose approximately two months' worth of her claims. The fact that the limitations clock on individual

3

claims resumes running upon denial of conditional certification is a circumstance common to every FLSA action. *See Vargas v. Gen. Nutrition Centers, Inc.*, No. 10-cv-867, 2012 WL 5336166, at *7-*9 (W.D. Pa. Oct. 26, 2012). Finally, had Plaintiff acted diligently, by seeking a tolling order immediately upon denial of certification, she could have preserved her ability to timely file her individual action. Equitable tolling is not warranted for "what is at best a garden variety claim of excusable neglect" by Plaintiff's counsel. *Irwin*, 498 U.S. at 96. Accordingly, the statute of limitations should not be tolled for the period that elapsed between the court's denial of conditional certification on November 14, 2012 and the filing of the instant action on January 24, 2013.

## CONCLUSION

The statute of limitations is tolled, by operation of law, from May 2, 2011 to November 12, 2012. Equitable tolling of the statute of limitations for the period from November 12, 2012 to January 24, 2013 is not warranted.

For the foregoing reasons, Plaintiff's Motion to Equitably Toll Statute of Limitations [Doc. 11] is denied.

DATED this 29th day of January, 2014.

_____
MARTHA VAZQUEZ
United States District Judge