IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH GARCIA,**

       **Plaintiff,**

v.                                  **No. CIV-13-0693 MV/LAM**

**CROSSMARK, INC., a Corporation,**

       **Defendant.**

**ORDER GRANTING DEFENDANT'S MOTION TO FILE A SURREPLY [*Doc. 68*] AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [*Doc. 51*]**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel Discovery (Doc. 51)*, filed April 11, 2014. Defendant filed a response to the motion to compel on April 25, 2014 [*Doc. 57*], and Plaintiff filed two replies, one on May 4, 2014 [*Doc. 65*], and one on May 5, 2014 [*Doc. 66*].[1] On May 6, 2014, Defendant filed a motion to file a surreply. [*Doc. 68*]. No response to Defendant's motion to file a surreply has been filed, and the deadline for doing so has passed, which constitutes consent to grant the motion. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court, therefore, **FINDS** that Defendant's motion to file a surreply shall be **GRANTED**. In addition, having considered the motion to compel,

---

[1] It is not clear to the Court why Plaintiff filed two replies. The documents appear to be identical, except that *Document 65* includes copies of Plaintiff's motion to compel and Defendant's response to the motion to compel as attachments. *See* [*Doc. 65-7* and *65-8*]. It would have been helpful to the Court had Plaintiff stated why she was filing a second reply and which reply she intended the Court to consider. Moreover, it should go without saying that copies of documents already filed with the Court do not need to be included as attachments to other documents and can, instead, be referred to by their document number.

response, reply, surreply, record of this case, and relevant law, the Court **FINDS** that the motion to compel is not well-taken and shall be **DENIED**.

## Background

This case involves allegations of violations of the Fair Labor Standards Act and the New Mexico Minimum Wage Act. *See* First Amended Complaint [*Doc. 46*]. In her motion to compel, Plaintiff contends that Defendant failed to provide complete answers to Plaintiff's Request for Production ("RFP") No. 13 and Interrogatory Nos. 1, 5, and 10. [*Doc. 51* at 1]. In its response, Defendant contends that Plaintiff's motion to compel is untimely because it was filed outside the 21-day deadline imposed by Local Rule 26.6. [*Doc. 57* at 1-2]. In addition, Defendant states that it has provided the information requested by Plaintiff in Interrogatory Nos. 5 and 10, so the only issues remaining are RFP No. 13 and Interrogatory No. 1. In her reply, Plaintiff contends that she had good cause for filing her motion to compel more than 21 days after Defendant objected to her discovery requests, and Plaintiff asks the Court to compel Defendant to fully respond to RFP No. 13 and Interrogatory No. 1. [*Doc. 65*].

### A. Timeliness of Plaintiff's Motion to Compel

Local Rule 26.6 states that a party served with objections to discovery requests must file a motion to compel "within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed. In this case, the party must [file a motion to compel] within twenty-one (21) days after production or inspection of the documents." D.N.M. LR-Civ. 26.6. Further, Local Rule 26.6 states that "[f]or good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period." *Id.*

RFP No. 13 asks for "all Crossmark contracts with Crossmark clients for which [Plaintiff] performed work or whose stores or locations she was assigned to service," (*Doc. 51-2* at 17), and Interrogatory No. 1 asks for the names and contact information for "all persons Defendant employed to supervise Retail Representatives whose home address was located in the State of New Mexico who left Defendant's employ for any reason from January 1, 2009, to the present day" (*id.* at 29). Defendant responded to Plaintiff's discovery requests on February 24, 2014. *Id.* at 37. In response to RFP No. 13, after objecting to the request on several bases, Defendant responded that it "will produce no documents responsive to the request." *Id.* at 18. In response to Interrogatory No. 1, again after objecting on several bases, Defendant stated that it would limit its response to persons who supervised Plaintiff, and provided the names of two supervisors. *Id.* at 29-30. Because Defendant did not specify in response to either of these discovery requests that it would be providing any further information, the 21-day clock for Plaintiff to proceed with a motion to compel with regard to these discovery requests began to run on February 24, 2014. *See* D.N.M. LR-Civ. 26.6. However, Plaintiff's motion was filed on April 11, 2014, which was more than three weeks past the 21-day deadline.

Plaintiff contends that she filed her motion to compel after the 21-day deadline because she was attempting to resolve discovery issues with Defendant and to ascertain whether the motion to compel would be opposed. *See* [*Doc. 65* at 1-5]. Plaintiff states that her counsel called Defendant's counsel on March 7, 2014, in an effort to resolve the remaining discovery issues, but she did not hear back from Defendants' counsel. [*Doc. 65* at 1]. Plaintiff also states that she sent e-mails to counsel for Defendant asking for additional information in response to these discovery

3

requests.  *Id.* at 2.  In addition, Plaintiff states that there is good cause to extend the 21-day time period because Plaintiff's motion to compel "was filed within 21 days of the last communication with Defendant's counsel."  *Id.* at 4.

The Court finds that Plaintiff has failed to make a showing of good cause to extend the 21-day deadline under Local Rule 26.6.  The first time Plaintiff asked Defendant to supplement its response to RFP No. 13 was on April 3, 2014 (*see Doc. 65-5*), which was more than two weeks after the 21-day deadline had passed.  While Plaintiff asked Defendant on March 14, 2014 to supplement its response to Interrogatory No. 1 by providing the contact information for the persons named by Defendant as Plaintiff's supervisors (*see Doc. 65-3*), the first time Plaintiff asked Defendant to supplement its response to this interrogatory by providing the names and contact information for supervisors other than just those who supervised Plaintiff was in Plaintiff's April 3, 2014 e-mail (*see Doc. 65-5*).  Therefore, Plaintiff's contention that there was good cause to file her motion to compel outside of the 21-day deadline because she was engaged in negotiations with Defendant regarding these discovery requests is without merit since any communication from Plaintiff with regard to the matters raised in her motion to compel were made to Defendant *after* the 21-day deadline had already run.[2]  Moreover, Plaintiff makes no showing that Defendant gave any indication to Plaintiff that it intended to supplement its responses to RFP No. 13 or Interrogatory No. 1 beyond the responses it provided on February 24, 2014.  Absent this showing, Local Rule 26.6 is clear that the 21-day time period in which to file a motion to compel began on the date Defendant responded to Plaintiff's discovery requests.  The 21-day deadline to

---

[2] The Court notes that, in her motion to compel, Plaintiff does not ask the Court to compel Defendant to provide the contact information for Plaintiff's supervisors named in Defendant's response to Interrogatory No. 1, so it appears that this information has been provided to Plaintiff or is no longer at issue.

file a motion to compel is not tolled just because Plaintiff attempts to engage in communications with Defendant regarding its discovery responses or to determine whether or not a motion to compel will be opposed, and Plaintiff provides no support for her contention that the deadline should be tolled for these reasons. Therefore, the Court finds that there was no good cause for Plaintiff to delay in filing her motion to compel, and the motion should be denied because it was untimely under Local Rule 26.6.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendant's motion to file a surreply [*Doc. 68*] is **GRANTED** and Plaintiff's *Motion to Compel Discovery (Doc. 51)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**