IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH GARCIA,**

    **Plaintiff,**

v.                                           No. CIV-13-0693 MV/LAM

**CROSSMARK, INC., a Corporation,**

    **Defendant.**

## PROTECTIVE ORDER

**THIS MATTER** is before the Court on *Defendant's Opposed Motion for Protective Order (Doc. 78)*, filed May 29, 2014.  No response to the motion has been filed and the time for doing so has passed, which constitutes consent to grant the motion.  *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and should be **GRANTED**, and enters this Protective Order as submitted by Defendant.

Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure, good cause exists for entry of a protective order because discovery materials produced or information otherwise disclosed by the parties and non-parties during the course of this action ("Classified Information") may contain financial information, competitive information, personal information or other commercially sensitive and/or private information that a party and/or the producing person deems confidential.  In order to reasonably preserve the confidentiality of such information, the Court hereby orders as follows:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means employee records and/or private personal information, such as evaluations, disciplinary actions, medical information and identifying information such as addresses, dates of birth and social security numbers, as well as financial information, trade secret and/or competitive information, or other commercially sensitive and/or private information that a party and/or the producing person deems confidential, which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to information that it in good faith believes contains confidential information. Information or material which is available to the public, including, without limitation, catalogues, advertising materials, and the like, shall not be designated as "Classified Information."

3. "Qualified Persons," as used herein means:

    (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (b) Actual or potential independent technical experts or consultants, who have signed a document agreeing to be bound by the terms of this Protective Order;

    (c) The party or a party representative (in cases where the party is a legal entity);

(d) Deposition witnesses (in cases where such witness is not otherwise a "Qualified Person" as defined herein) who have signed a document agreeing to be bound by the terms of this Protective Order;

(e) Recipients and authors of documents;

(f) The Court; and

(g) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Protective Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of

3

the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a), (b), and (f) above.

(b) Copies of documents produced under this Protective Order may be made, or exhibits prepared by, independent copy services, printers or illustrators for the purpose of this litigation.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Protective Order. Documents unintentionally produced without designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. At the time of copying for the receiving

parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party, except as set forth in paragraph 4.

8. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure, or if the court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall, after notice to opposing counsel, seek the Court's permission for a hearing, for the purpose of requesting an order by the Court preserving the designated status of such information, within fourteen (14) days of receipt of the written objection; and failure to do so shall constitute a

termination of the restricted status of such item. If the Court grants such a hearing, the designating party shall have the burden of proof at that hearing.

10. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided that such third party has the right to make the disclosure to the receiving party.

11. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter that is believed to be unknown to the opposing party(ies), or any of the employees of any corporate party(ies).

12. In the event a party wishes to use any information designated by the other party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the filing party shall confer with the designating party to determine whether the designating party will remove the confidentiality designation, whether the confidential aspects of the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Any disagreement between the parties shall be resolved in the manner set forth in Paragraph 9. If sealing or redaction is warranted, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only")

information shall be filed under seal with the Court or the confidential aspects of the document will be redacted. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

14. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (e) shall be returned to the producing party or the recipient parties' counsel may certify in writing that all documents or reproductions of documents have been destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial or at the temporary injunction hearing. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, to the extent allowed by the terms of Paragraphs 19 and 20, which terms specifically include but are not limited to: (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15. This Protective Order shall not bar any attorney herein in the course of rendering advice to his/her client with respect to this litigation from conveying to any party client his/her evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

17. Nothing in this Protective Order shall be construed so as to restrict a party's use of its own documents.

18. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

19. This Protective Order shall govern the handling of Classified Material designated "Confidential" or "Attorneys' Eyes Only" or "For Counsel Only" prior to trial, but not thereafter; except as specifically allowed in Paragraph 14. After, or in connection with, the final pre-trial conference, the Parties shall meet and confer to reach an agreement as to whether any information or documents should be deemed confidential for purposes of the trial, and, if so, a method of maintaining the confidentiality of such information and documents at trial.

20. All provisions of this Order are subject to modification or dissolution by the Court upon notice to all counsel.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. I have reviewed and agree to be bound by the terms of the Protective Order in the litigation styled Elizabeth Garcia v. CROSSMARK, Inc., Case No. 1:13-cv-00693-MV-LAM, in the United States District Court for the District of New Mexico.

2. I will only make copies or notes concerning documents designated as "Confidential" or "Attorney's Eyes Only" or "For Counsel Only" ("Classified Material") to the extent necessary to enable me to render the assistance required in connection with this litigation. I shall preserve any such notes and copies in a separate file identified as confidential and marked for disposal or destruction upon completion of this litigation. Upon the final determination of this action, I shall promptly destroy all Classified Material provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of Classified Material to any unauthorized person.

4. I will not intentionally use Classified Material for any purpose other than the prosecution or defense of claims in this action.

5. I understand that I may be held in contempt for violation of this Protective Order.

DATED this _____ day of _____, 2014.


By: _____

Name: _____
             (print name)