IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH GARCIA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**No. CIV-13-0693 MV/LAM**

**CROSSMARK, INC., a Corporation,**

    **Defendant.**

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [*Doc. 52*]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Leave to File Second Amended Complaint (Doc. 52)*, filed April 15, 2014. Defendant filed a response to the motion on April 29, 2014 [*Doc. 59*], and Plaintiff filed a reply on May 21, 2014 [*Doc. 76*]. On May 8, 2014, the presiding judge in this case designated the undersigned to hear and determine the motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). [*Doc. 73*]. Section 636(b)(1)(A) authorizes a magistrate judge to hear and determine pretrial matters, other than motions for injunctive relief and dispositive matters. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED.**

In her motion, Plaintiff asks the Court to allow her to file a second amended complaint to correct the jurisdictional allegation and Plaintiff's dates of employment. [*Doc. 52* at 1]. Plaintiff states that she is asking to amend her complaint with regard to paragraphs 2 and 4. *Id.* at 2; *see also* [*Doc. 52-1*] (original proposed Second Amended Complaint).

In response, Defendant states that it opposes Plaintiff's motion because it contends that Plaintiff improperly changed her dates of employment in her First Amended Complaint, and that her proposed Second Amended Complaint fails to correct defective venue allegations. [*Doc. 59* at 1]. Defendant contends that the Court granted Plaintiff's motion to file her proposed First Amended Complaint (*Doc. 45*, granting *Doc. 38* with proposed First Amended Complaint at *Doc. 38-1*), but that when Plaintiff filed her First Amended Complaint (*Doc. 46*), it differed from what Plaintiff had proposed by alleging that Plaintiff was employed by Defendant from May 2005 through December 2008 and from March 2009 to September 2011, instead of just from March 2009 to September 2011. *Compare Doc. 38-1* at ¶ 2 *with Doc. 46* at ¶ 2. Defendant states that in its Answer to Plaintiff's First Amended Complaint (*Doc. 49*), it provided the correct dates for Plaintiff's employment, which are from January 2004 to May 2007 and from March 2009 to December 2011 (*Doc. 49* at ¶ 2, filed March 24, 2014), however Defendant contends that the 2004-2007 period is outside the statute of limitations deadline. [*Doc. 59* at 4].[1] Defendant further contends that allowing Plaintiff to amend her complaint to include the 2004-2007 period would prejudice Defendant because it has conducted discovery with the understanding that the relevant time frame went back no earlier than February 9, 2008, which Defendant contends is the maximum three-year claim period available under the Fair Labor Standards Act. *Id.* at 7-8.

In her reply, Plaintiff asks to make numerous changes to her original proposed Second Amended Complaint. First, she states that she now wishes to use the dates of employment provided by Defendant in its Answer to Plaintiff's First Amended Complaint, which are

---

[1] Defendant inexplicably attaches over 100 pages of Plaintiff's payroll records to demonstrate her dates of employment, which are not disputed by Plaintiff. It is a waste of the Court's resources to attach voluminous documents without good reason, and the Court cautions counsel for Defendant to refrain from doing so in future filings.

January 2004 to May 2007 and March 2009 to December 2011. [*Doc. 76* at 1]. Plaintiff also asks to amend paragraph 7 to allege that venue is proper in this Court because Defendant does business in the State of New Mexico. *Id.* at 2. Plaintiff states that she withdraws her allegation at paragraph 51 of a continuing violation as a theory of damages. *Id.* at 2-3. Plaintiff also asks to amend the "Wherefore clause" of her second claim under the New Mexico Minimum Wage Act to conform with paragraph 50 to allege that Defendant is liable for "two times the unpaid and underpaid wages" instead of "two times the unpaid overtime wages." *Id.* at 3. Finally, Plaintiff states that she did request Defendant's concurrence prior to revising paragraph 2 of her First Amended Complaint to include Plaintiff's earlier dates of employment, and that Defendant at first told her it had no objection, and then asked for her to wait for Defendant to verify Plaintiff's employment dates. Defendant never got back to Plaintiff with those dates but, also, "never retracted its non-opposition to [Plaintiff's] effort at getting correct employment dates in the [First Amended] Complaint." *Id.* at 4 and *Doc. 76-3*. Plaintiff attaches a copy of her new proposed Second Amended Complaint at *Document 76-1*.

## **LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure allows amendment of a pleading, after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave." While leave to amend should be freely given (Fed. R. Civ. P. 15(a)(2)), the Court may refuse leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted).

## ANALYSIS

At the outset, the Court instructs counsel for both parties in this case to review and implement the Lawyer's Creed of Professionalism of the State Bar of New Mexico in their practices. Any lawyer appearing in this District <u>must</u> comply with this creed. D.N.M. LR-Civ. 83.9 ("Lawyers appearing in this District must comply with the section for lawyers of "A Creed of Professionalism of the New Mexico Bench and Bar."). The Court specifically calls counsel's attention to the admonition for counsel to engage in the following behavior with respect to opposing parties and their counsel: "I will be courteous and civil, both in oral and in written communications; I will not make improper statements of fact or of law; I will agree to reasonable requests for extensions of time or waivers of formalities when legitimate interests of my client will not be adversely affected; . . . I will not serve motions and pleadings that will unfairly limit the other party's opportunity to respond." *See* Creed of Professionalism at www.nmbar.org/Attorneys/creed.html (site last checked June 24, 2014). In addition, with respect to the courts, counsel should be especially mindful "to attempt to resolve, by agreement, objections to matters contained in [opposing counsel's] pleadings and discovery requests . . . [and to] stipulate to facts when there is no genuine dispute." *Id.*

The motion, response, and reply currently before the Court do not reflect the professional behavior the State Bar of New Mexico, and this Court, require. First, with regard to the jurisdiction and venue allegations in paragraphs 4 and 7 of Plaintiff's Second Amended Complaint, Defendant does not state that it opposes the amendment as to jurisdiction, and only notes that Plaintiff failed to also correct the paragraph regarding venue. *See* [*Doc. 59* at 5]. If counsel had engaged in courteous and civil communication, this issue could have been resolved

without the Court's involvement. The Court will grant Plaintiff's motion as to amending paragraphs 4 and 7 as set forth in Plaintiff's proposed Second Amended Complaint (*Doc. 76-1*).

Second, while Defendant is essentially correct that paragraph 2 of the First Amended Complaint (*Doc. 46*) which Plaintiff filed was different from what she proposed to the Court with regard to Plaintiff's dates of employment (*see Doc. 38-1*), Defendant failed to tell the Court that counsel for Plaintiff ***asked and received Defendant's concurrence*** before changing the First Amended Complaint with regard to those dates. *See Doc. 76-3* at 2. Moreover, counsel for Defendant at first agreed with Plaintiff's amendment to the First Amended Complaint, and only asked Plaintiff to wait while Defendant verified the accuracy of Plaintiff's dates of employment, and then failed to get back to Plaintiff. This omission to the Court is an "improper statement of fact" in violation of the New Mexico Rules of Professional Conduct. On March 24, 2014, Defendant admitted in its Answer to Plaintiff's First Amended Complaint that Plaintiff's dates of employment were "from January 2004 to May 2007, and then again from March 2009 to December 2011." [*Doc. 49* at 1]. These dates actually <u>expanded</u> the dates of employment that Plaintiff was alleging, since Plaintiff claimed that she started working for Defendant in May 2005 (*see Doc. 46* at 1) and Defendant alleged that Plaintiff began working for Defendant in January 2004 (*see Doc. 49* at 1). Nevertheless, the Court does not consider Defendant's request for the Court to "require Plaintiff to correct Paragraph 2 of her First Amended Complaint in order to conform it to the version that the Court granted her leave to file," (*Doc. 59* at 11) because that request is made in a response to a motion, which is not the proper means by which to request relief from the Court. In addition, the request is untimely since Plaintiff filed her First Amended Complaint on March 6, 2014, so the time for Defendant to oppose the filing has long expired.

5

The Court is hesitant to allow Plaintiff to revise her complaint to include new dates of employment that are set forth by Plaintiff for the first time in the proposed Second Amended Complaint attached to her ***reply brief*** (*compare Doc. 52-1* at ¶ 2 *with Doc. 76-1* at ¶ 2), because Defendant has had no opportunity to respond to this request.  However, this issue may be moot since Plaintiff has withdrawn her allegation of a continuous course of conduct as a theory of damages, which may satisfy Defendant's concern regarding its statute of limitations defense.  In addition, the Court finds that Defendant would not be prejudiced by allowing Plaintiff to amend her Second Amended Complaint using the dates set forth in *Document 76-1* because: (1) Defendant has known since at least the time it filed its Answer to Plaintiff's First Amended Complaint that the relevant employment period may include the earlier employment dates; (2) in Defendant's response to the motion to amend currently before the Court (*Doc. 59*), Defendant refers to the employment dates presented in *Document 76-1*; (3) Defendant has had ample time to request permission to file a surreply to address the issues raised in Plaintiff's reply brief, but has not done so (even though Defendant has done so in the past, *see Doc. 68*); and (4) allowing Plaintiff to include the dates in *Document 76-1* does not preclude Defendant from raising a statute of limitations defense if necessary.  Therefore, the Court will allow Plaintiff to amend her complaint to include the dates of employment as set forth in paragraph 2 of Plaintiff's second proposed Second Amended Complaint (*Doc. 76-1*).  However, the Court cautions Plaintiff's counsel to refrain from raising new arguments and new versions of exhibits in a reply brief.  This ruling does not necessitate reopening discovery, and the Court will not entertain a motion to reopen discovery based on Plaintiff filing her Second Amended Complaint.

Finally, the Court addresses Plaintiff's request to amend the "Wherefore clause" of her second claim under the New Mexico Minimum Wage Act to conform with paragraph 50 to allege

6

that Defendant is liable for "two times the unpaid and underpaid wages" instead of "two times the unpaid overtime wages." [*Doc. 76* at 3]. This request was raised in Plaintiff's reply brief, so Defendant had no opportunity to respond, which is yet another violation of the Creed of Professionalism. Nevertheless, the Court finds that Plaintiff's allegations in paragraphs 50 and 51 of her proposed Second Amended Complaint (*Doc. 76-1*), which are identical to paragraphs 50 and 52 of Plaintiff's First Amended Complaint (*Doc. 46* at 9), clearly set forth her theory of liability and damages for this claim, including the "unpaid and underpaid wages" language she seeks to add to the "Wherefore" clause. Therefore, the Court finds that this proposed amendment does not prejudice Defendant and is merely a correction to conform to allegations that were made in Plaintiff's First Amended Complaint and repeated in Plaintiff's Second Amended Complaint, so the Court will grant the request. The Court cautions Plaintiff's counsel, however, that her repeated requests to amend Plaintiff's complaint and her repeated failures to set forth the correct amendments have caused defense counsel and the Court to expend time and energy needlessly. Plaintiff's counsel was well aware of Plaintiff's dates of employment as early as March 24, 2014, when Defendant filed its Answer to Plaintiff's First Amended Complaint, yet she failed to include these dates in her first proposed Second Amended Complaint (*Doc. 52-1*). These proposed amendments are neither lengthy nor complex. It is astounding that it has taken two motions, and countless hours, to amend a simple statement of jurisdiction, venue, and dates of employment which could have been accomplished with a little thought, care and proofreading. No further amendments should be allowed.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion for Leave to File Second Amended Complaint (Doc. 52)* is **GRANTED**, and Plaintiff shall file **within three (3) business days of entry of this Order** her Second Amended Complaint, **which shall be identical to the second proposed Second Amended Complaint at *Document 76-1*.**

**IT IS SO ORDERED.**

                                                                  *Lourdes A. Martínez*
                                                                  **LOURDES A. MARTÍNEZ**
                                                                  **UNITED STATES MAGISTRATE JUDGE**